
AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Central District of California

United States of America

v.

Omid Moghadam,

Defendant(s)

Case No. 19 MJ01703

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of January 28, 2019 in the county of San Bernardino in the Central District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
*Complainant's signature*

JESSE LEE KROUPA, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/24/19

CHARLES F. EICK
*Judge's signature*

City and state: Los Angeles, California

Hon. Charles F. Eick, U.S. Magistrate Judge
*Printed name and title*

LODGED
2019 APR 24 PM 2:
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# AFFIDAVIT

I, JESSE LEE KROUPA, being duly sworn, hereby depose and say:

## I. INTRODUCTION

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), and have been so employed for approximately four years. I am currently assigned to the Orange County Resident Agency, where I specialize in investigating crimes involving the International and Domestic Terrorism, including explosive violations. I am also assigned as an Evidence Response Team ("ERT") member, where I have received formal and informal training regarding post-blast investigations and crime scene photography. I am also assigned as a Firearms Instructor, where I have received additional training on the use, manipulation and the identification of a variety of firearms and ammunition types. Prior to joining the FBI, I was employed by the Sacramento Police Department as a police officer for approximately nine years, and by the Air Force Office of Special Investigations as a Special Agent for approximately two years. I have a master's degree in forensic sciences and a bachelor's degree in criminal justice.

## II. PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of a criminal complaint against and an arrest warrant for OMID MOGHADAM ("MOGHADAM") for a violation of Title 18, United States Code, Section 922(g)(1): Felon in Possession of Ammunition.

3. Unless otherwise stated, the facts set forth in this affidavit are based upon my personal observations; my training

and experience; oral and written reports about this and other investigations, which I have received from other federal agents and other law enforcement agencies; my review of audio and video recordings related to this investigation; and physical surveillance conducted by federal agents or local law enforcement agencies, which has been reported to me either directly or indirectly. Unless otherwise noted, when I assert that a statement was made, I have either heard the statement directly or listened to a recording of the statement, or the statement was reported to me by another law enforcement officer, either directly or in a written report. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and arrest warrant, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, and all dates are approximate.

## III. STATEMENT OF PROBABLE CAUSE

### A. Summary

4. On January 28, 2019, California Highway Patrol ("CHP") Officer Kuhlmann conducted a traffic stop on a vehicle driven by MOGHADAM after CHP was contacted by FBI Special Agent Fradella, who was on an FBI surveillance team, who requested assistance observing MOGHADAM. Special Agent Fradella advised the Officer Kuhlmann that the vehicle was driven by a male, who was on felony probation for a violation of California Penal Code

Section 422: Making Criminal Threats, and that the subject was believed to be armed.

5. Special Agent Fradella continued to provide Officer Kuhlmann with updates regarding the location of the vehicle. Upon locating the vehicle, Officer Kuhlmann noted that the vehicle had tinted front windows. Officer Kuhlman and CHP Officer Ternen conducted a traffic stop of the vehicle. Upon contacting MOGHADAM, Officer Kuhlmann asked if MOGHADAM was on probation, and he confirmed that he was on probation for making criminal threats.

6. During a search of the vehicle, law enforcement located 284 rounds of 9mm Luger caliber ammunition, which had all been manufactured outside of the state of California, and thus all moved in interstate commerce. MOGHADAM also possessed magazines for a 9mm handgun, and a partially completed AR-15 style rifle, a manual on how to manufacture an AR-15, and edged weapons (a machete, and a k-bar knife). MOGHADAM's passport was located in a diaper bag where the key for the ammunition can was located. MOGHADAM was taken into custody for violating the terms of his probation, and has remained in state custody since that date. I have reviewed a certified criminal record for MOGHADAM, and am aware that MOGHADAM sustained a felony conviction in 2017.

**B. August 29, 2018 Contact with Law Enforcement**

7. Based on my communications with Irvine Police Department ("IPD") Officers, and a review of law enforcement reports, I am aware of the following:

a. On August 29, 2018, IPD Officers responded to MOGHADAM's residence in Irvine, California, in order to conduct a welfare check of M.M., who is the spouse of MOGHADAM. The welfare check was at the request of Irvine Valley College ("IVC") because M.M. suddenly stopped attending classes, and was at risk of losing her Veterans Affairs benefits. IVC attempted to contact M.M. by telephone, but a male answered the call, and was confrontational, and would not provide any information.

b. IPD Officers, including IPD Officer Chandler, contacted MOGHADAM at the residence, and explained to him they were conducting a welfare check on M.M. MOGHADAM refused to talk to the police officers, stating his lawyer advised him not to talk to the police. IPD Officer Chandler conducted a records check, and discovered MOGHADAM was on formal searchable probation for California Penal Code 422: Criminal Threats. IPD Officer Chandler obtained information that MOGHADAM had also been charged with California Penal Code Section 11418.5(a): Threat to Use Weapon of Mass Destruction, but that MOGHADAM had not been convicted of this charge. The case was adjudicated on October 24, 2017, and MOGHADAM was sentenced on July 27, 2018. He was sentenced to three years of formal probation, with search and seizure conditions. Officer Chandler also learned that MOGHADAM previously owned an AR-15 rifle, which he turned in to authorities after his conviction. IPD Officer Chandler also confirmed that the picture on MOGHADAM's California Driver's License matched the person who he had spoken with at the residence.

c. Additional officers and the Orange County Probation Department ("OCPD") responded and assisted with a probation search of the residence. IPD and OCPD contacted MOGHADAM at his residence, and immediately detained him while the search was conducted. Inside the residence, M.M. was located with her two children. M.M. was also uncooperative with police officers, and she would not provide information about her children's identity, and claimed she was not attending school because she had obligations at home to take care of her children.

d. During the probation search of the residence, OCPD located a bag in the outdoor patio closet, which had speaker wire and a PVC type object sticking out of it, as well as an aluminum can top inside the bag. IPD evacuated the residence, and requested Bomb Technicians to evaluate the device. Bomb Technicians determined the object was not an explosive device. MOGHADAM told officers that he had not been in the closet for years, and anything in the closet belonged to his aunt.

e. The probation search resumed, and suspicious items were located. One item was ear protection that would be used when operating a firearm, located on or near a computer in the kitchen/dining room area. Officers believed that, due to the location of the hearing protection, it appeared that it had been used recently. Another item located was a container of gun oil, which did not have any dirt or dust on it, as if it were used recently. No firearms, however, were located in the

residence on this date. It was later determined that M.M. was the registered owner of a semi-automatic pistol, however, no pistol was found at the residence.

**C. Continued Investigation of MOGHADAM**

8. Based on my communications with IPD, OCPD, and a review of law enforcement reports, I am aware of the following:

a. On September 18, 2019, I, FBI Special Agent Cugno, and FBI Task Force Officer ("TFO") Anderson met with members of IPD to discuss potential options and concerns relating to MOGHADAM and M.M. IPD determined that it would coordinate with OCPD, and, as necessary, FBI, during MOGHADAM's probationary status and residency in Irvine.

b. On September 27, 2019, OCPD conducted a probation search at MOGHADAM's residence. IPD detectives installed a tracker on the vehicle that MOGHADAM had previously provided registration paperwork for to OCPD. OCPD learned that the handgun registered to M.M. was allegedly at her father's residence in Fontana.

c. On November 9, 2018, IPD switched out the tracker on the vehicle after not seeing any movement on the vehicle on which it was placed, and placed it on a Honda vehicle with license plate number 6HPB245, that was registered to MOGHADAM's aunt, and believed by IPD to be used by MOGHADAM based on MOGHADAM's report to OCPD that he was presently using that vehicle.

**D. January 28, 2019**

9. Based on my communications with IPD, OCPD, CHP, and a review of law enforcement reports, I am aware of the following:

a. On January 28, 2019, MOGHADAM had a probation appointment scheduled at the OCPD Office in Santa Ana, California. An FBI surveillance team was assigned to conduct surveillance on MOGHADAM on this day. During his probation appointment, an Orange County Probation Officer and I conducted an interview of MOGHADAM while other Probation Officers conducted a probation search of the Honda vehicle, with License Plate number 6HB245. During the probation search, a Probation Officer located a handwritten note mentioning the location of a storage facility, as well as a knife. When questioned about the storage facility, MOGHADAM became very nervous, and claimed it belonged to M.M., and he did not have access to it.

b. By the time MOGHADAM was released from his probation appointment, an FBI surveillance team had been put in place, and began to surveil MOGHADAM's movements. MOGHADAM drove directly to his residence. The FBI surveillance team then followed MOGHADAM to the storage facility where he arrived at approximately 1:42 p.m., and entered the gated facility. The FBI surveillance team did not follow the vehicle into the gated area. At approximately 1:48 p.m., the FBI surveillance team saw a female matching M.M.'s description exit the storage facility lobby, and enter the passenger's side of the vehicle. IPD obtained a receipt from the storage facility showing fees were paid for unit A2142 on January 28, 2019 at 1:50 p.m.

c. Surveillance video obtained by IPD showed MOGHADAM accessing the storage facility by entering a gate code, backing in and parking near the storage facility, walking towards a storage unit, walking out carrying several items to his vehicle, and then exiting the facility by entering an exit code. FBI surveillance waited outside the storage facility until MOGHADAM left at approximately 2:00 p.m., and drove to a nearby convenience store where MOGHADAM and M.M. were seen exiting the vehicle and having a conversation. They returned to the vehicle, and MOGHADAM left the City of Irvine, and drove northbound towards Victorville, California. While driving on the highway, without an apparent reason to stop, they slowed down and pulled on to the shoulder of State Route 241 North, and then resumed driving northbound.

d. The FBI contacted CHP, and requested that the CHP conduct a traffic stop on MOGHADAM. FBI Special Agent Fradella, who communicated with CHP, advised CHP Officer Kuhlmann, that MOGHADAM was on felony probation, and could possibly be armed. FBI surveillance continued moving surveillance on MOGHADAM's vehicle as it drove, and Special Agent Fradella continued to update CHP Officer Kuhlmann as to the vehicle's location. Upon observing the vehicle, CHP Officer Kuhlmann noted that it appeared to have tinted front windows, and thus conducted a traffic stop on the vehicle. CHP Officer Kuhlmann contacted MOGHADAM. While placing MOGHADAM in handcuffs, Officer Kuhlmann asked if he was on probation, and MOGHADAM said he was on probation for making criminal threats. Officer Kuhlmann asked

if there were any weapons in the vehicle, and MOGHADAM indicated that there were not. MOGHADAM advised that his two small children were in the car. While placing M.M. in handcuffs, she said there were no weapons in the vehicle, and that the only people left in the vehicle were her two small children. During the probation search of the vehicle, law enforcement with CHP discovered: 284 rounds of 9mm caliber ammunition, three pistol magazines, a wooden "billy club," a machete, a double bladed axe, a folding knife, a K-Bar style knife, pruning shears, a plastic ammunition can, and a blue gym bag. These items were seized by CHP. CHP also discovered the upper receiver for an AR-15 style rifle and an 80% lower receiver. MOGHADAM was taken into custody.

**E. MOGHADAM'S FELONY CONVICTION**

10. I have reviewed a certified criminal history record showing that MOGHADAM was convicted of a felony, namely a violation of California Penal Code Section 422, in 2017, in case number 15HF0707 in Orange County Superior Court.

**F. INTERSTATE NEXUS**

11. On April 12, 2019, ATF Special Agent David Hamilton provided the FBI with an interstate nexus report. I reviewed the report and learned the following: The 80 rounds of 9mm Lugar caliber ammunition with headstamps "FC" were manufactured by the Federal Cartridge Company in Anoka, Minnesota. The 204 rounds of 9mm Luger caliber ammunition with headstamps "FC" were manufactured by CCI/Speer in Lewiston, Idaho for the Federal Cartridge Company in Anoka, Minnesota. In order for these two

types of ammunition to be recovered in California, it had to have moved in interstate commerce.

## IV. CONCLUSION

12. Based on the foregoing facts and opinions, and on my training and experience, I believe that there is probable cause to believe that OMID MOGHADAM violated Title 18, United States Code, Section 922(g)(1): Felon in Possession of Ammunition.

/s/

JESSE KROUPA, Special Agent
Federal Bureau of Investigation

Subscribed to and sworn before me this 24th day of April, 2019.

CHARLES F. EICK

UNITED STATES MAGISTRATE JUDGE